# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>LANDON NATHANSON-LOVE,<br><br>Defendant. | Case No. 16-MJ-0039<br><br>ORDER FOR PRETRIAL DETENTION |

On the 19th day of February, 2016, this matter came on for hearing on the Government's request to have the Defendant detained pending further proceedings and the Defendant's request for a preliminary hearing. The Government was represented by Assistant United States Attorney Timothy L. Vavricek. The Defendant appeared personally and was represented by attorney, Heather R. Quick.

## I. RELEVANT FACTS AND PROCEEDINGS

On February 16, 2016, Defendant Landon Nathanson-Love was charged by Criminal Complaint (docket number 2) with providing a firearm to a prohibited person and false statement with respect to sale of firearm. At the hearing, Special Agent Timothy Hunt of the Bureau of Alcohol Tobacco Firearms & Explosives testified regarding the circumstances underlying the instant charges. On December 1, 2015, Dubuque Police Officers responded to a report of shots fired. Four days later, on December 5, officers stopped a vehicle possibly matching the description of the vehicle involved in the shooting incident. The driver of the vehicle was Reginald Shaw, the front seat passenger and owner of the vehicle was Heather Duffy, and the rear seat passenger was Camron Pete, Jr. Three guns were found in the car, together with controlled substances. One of the guns was under the driver's seat and the other two guns were in the back seat.

During subsequent interviews, Shaw told officers that Pete had bought the guns from Defendant. A subsequent investigation confirmed that the gun located under the driver's seat and one of the guns in the back seat were purchased by Defendant on September 4 and September 11, 2015. Shaw and Duffy also told police that they were at the scene of the shooting on December 1, with Pete being the shooter.

An investigation revealed that Defendant obtained a permit to carry a firearm on June 3, 2015. At that time, he certified he was not an unlawful user of controlled substances, although his girlfriend testified at the hearing that he regularly uses marijuana. (Defendant also admitted to the pretrial services officer that he smokes marijuana on weekends.) According to Defendant's girlfriend, Defendant smoked marijuana regularly with Camron Pete.

Defendant, age 23, was born in Milwaukee and lived there until age 15. He then moved to Dubuque, where he lived until returning to Milwaukee at age 18. Defendant then moved back to Dubuque at age 20. Prior to his arrest, he was living with his girlfriend and their one-year-old daughter. His girlfriend testified that he was welcome to return to their residence if released.

Defendant has been unemployed for the past two months, but has held five different jobs in the last two years. He is in good physical health and does not suffer from any mental illness.

Defendant admitted using marijuana on weekends since age 17, with his last use being one week prior to his arrest. Defendant has only a minimal criminal record, with two simple misdemeanors as a juvenile, a battery charge in Milwaukee (with the disposition unknown), and a charge of driving under suspension and possession of marijuana at the time of his arrest on the instant charge on February 16. It was discovered that Defendant purchased another firearm on February 15 — just one day prior to his arrest.

## II. DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

### A. Legal Standard to be Applied

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). The Court must first determine by a preponderance of the evidence that the case involves an offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines, pursuant to § 3142(e), whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

Regarding the first step, pretrial detention is not authorized unless the Court finds that at least one of seven enumerated circumstances is applicable. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, offenses punishable by life imprisonment, serious drug offenses, felonies committed by repeat offenders, and felonies involving minor victims or guns. 18 U.S.C. § 3142(f)(1)(A-E). The last two enumerated circumstances where a hearing is authorized involve "risk factors," such as a serious risk of flight, or a serious risk the defendant will obstruct justice. 18 U.S.C. § 3142(f)(2)(A-B).

Regarding the second step, if following a hearing "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial

officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985).

In determining whether any condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

### B. Analysis

Turning to the facts in the instant action, Defendant is charged with providing a firearm to a prohibited person and false statement with respect to sale of firearm. Accordingly, regarding the first step in the analysis, the Court finds that detention is authorized pursuant to 18 U.S.C. § 3142(f)(1)(E).

Defendant likes guns and he likes drugs. He admits smoking marijuana on weekends since age 17. Between June and September 2015, Defendant apparently purchased eight guns. In order to purchase the weapons, it was necessary for Defendant

4

to lie about his use of unlawful controlled substances. There is evidence that two of those guns were found in the possession of Reginald Shaw and Camron Pete on December 5, 2015. It is likely that one of those guns was involved in the shooting on December 1. As the Court has stated repeatedly, guns and drugs are a dangerous combination.

The Court recognizes that Defendant has a residence where he could live if released, and has shown an ability to obtain employment. Furthermore, he has a minimal prior criminal record. The Court is concerned, however, about Defendant's threatening behavior. After Heather Duffy testified before the grand jury, Defendant sent a text message with an implicit threat. Then, despite the fact that he apparently knew he was under investigation, Defendant purchased another firearm. I believe these circumstances suggest Defendant's release would pose a danger to the community.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds the Government has met its burden of proving by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant as required. The Court further finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained pending further proceedings. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

### III. ORDER

IT IS THEREFORE ORDERED as follows:

1. The Court finds probable cause exists that Defendant committed the crime described in the Criminal Complaint.

2. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

3. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

4. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

DATED this 19th day of February, 2016.

_____
JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA